UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA
                                 :
        - v. -
                                 :
OSCAR MINAYA,
     a/k/a "Shorty,"             :
JOVANNY RODRIGUEZ,
     a/k/a "Johnny,"             :
ROMALDO ESPINAL,                      S13 11 Cr. 755 (JFK)
     a/k/a "Shorty,"             :
ALEJANDRO BELLO,
     a/k/a "Alex," and           :
JESUS HILARIO-BELLO,
     a/k/a "Charlie,"            :

          Defendants.     :

- - - - - - - - - - - - - - - - x


**GOVERNMENT'S PROPOSED EXAMINATION
OF PROSPECTIVE JURORS**




                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York,
                         Attorney for the United States
                            of America


RYAN P. POSCABLO
JESSICA ORTIZ
MEGAN GAFFNEY
Assistant United States Attorneys
     - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA
                                  :
          - v. -
                                  :
OSCAR MINAYA,
     a/k/a "Shorty,"             :
JOVANNY RODRIGUEZ,
     a/k/a "Johnny,"             :
ROMALDO ESPINAL,                      S13 11 Cr. 755 (JFK)
     a/k/a "Shorty,"             :
ALEJANDRO BELLO,
     a/k/a "Alex," and           :
JESUS HILARIO-BELLO,
     a/k/a "Charlie,"            :

          Defendants.     :

- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial

juror in this case.

**The Charges**

This is a criminal case.  The defendants on trial, OSCAR MINAYA, JOVANNY RODRIGUEZ, ROMALDO ESPINAL, ALEJANDRO BELLO and JESUS HILARIO-BELLO, have been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this District.

Now, let me stress that the Indictment is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment contains fifteen counts.  Count One of the Indictment charges that from at least in or about December 2009 up through and including at least in or about May 2011, the defendants conspired or agreed with others to commit robbery.

Count Two of the Indictment charges that from at least in or about December 2009 up through and including at least in or about May 2011, the defendants conspired or agreed with others to commit kidnaping.

Count Three of the Indictment charges that from at least in or about December 2009 up through and including at least in or

about May 2011, OSCAR MINAYA, JOVANNY RODRIGUEZ, ROMALDO ESPINAL, and ALEJANDRO BELLO, the defendants, during and in relation to their conspiracy to commit robbery and their conspiracy to commit kidnaping, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

Count Four of the Indictment charges that on or about December 21, 2010, OSCAR MINAYA, JOVANNY RODRIGUEZ, and ALEJANDRO BELLO, the defendants committed a robbery, specifically, they robbed an individual believed to be in possession of narcotics proceeds in the vicinity of 162nd Street and Riverside Drive, New York, New York, and in the course thereof brandished a firearm.

Count Five of the Indictment charges that on or about December 21, 2010, OSCAR MINAYA, JOVANNY RODRIGUEZ, and ALEJANDRO BELLO, the defendants, committed a kidnaping, specifically, they kidnapped an individual believed to be in possession of narcotics proceeds in the vicinity of 162nd Street and Riverside Drive, New York, New York.

Count Six of the Indictment charges that on or about December 21, 2010, OSCAR MINAYA, JOVANNY RODRIGUEZ, and ALEJANDRO BELLO, the defendants, during and in relation to their kidnaping and robbery in connection with Counts Four and Five, knowingly did use and carry firearms, and, in furtherance of such crime, did possess

firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

Count Seven of the Indictment charges that in or about 2010, JOVANNY RODRIGUEZ, the defendant, committed a robbery, specifically, the defendant robbed an individual believed to be in possession of narcotics in the vicinity of 183rd Street and Tremont Avenue, Bronx, New York.

Count Eight of the Indictment charges that in or about January/February 2011, JOVANNY RODRIGUEZ and JESUS HILARIO-BELLO, the defendants, committed a robbery, specifically, they robbed an individual believed to be in possession of narcotics in the vicinity of Croes Avenue, Bronx, New York.

Count Nine of the Indictment charges that in or about November 2010, JOVANNY RODRIGUEZ, ALEJANDRO BELLO, and ROMALDO ESPINAL, the defendants, committed a robbery, specifically, they robbed an individual believed to be in possession of narcotics in the vicinity of 187th Street, Bronx, New York.

Count Ten of the Indictment charges that on or about May 15, 2011, OSCAR MINAYA and JOVANNY RODRIGUEZ, the defendants, committed a robbery, specifically, they robbed, in the vicinity of 148th Street, Queens, New York, an individual who they believed was in possession of proceeds obtained from that person's business, and in the course thereof forcibly bound and assaulted that individual

while brandishing a firearm.

Count Eleven of the Indictment charges that on or about May 15, 2011, OSCAR MINAYA, and JOVANNY RODRIGUEZ, the defendants, committed a kidnaping, specifically, they kidnapped an individual in the vicinity of 148th Street in Queens, New York.

Count Twelve of the Indictment charges that on or about May 15, 2011, OSCAR MINAYA and JOVANNY RODRIGUEZ, the defendants, during and in relation to their kidnaping and robbery in connection with Counts Ten and Eleven, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

Count Thirteen of the Indictment charges that on or about June 10, 2011, OSCAR MINAYA and JESUS HILARIO-BELLO, the defendants, committed a robbery, specifically, they robbed an individual in the vicinity of Grist Mill Lane, Nassau County, New York, and in the course thereof forcibly restrained Victim-11 while brandishing firearms.

Count Fourteen of the Indictment charges that on or about June 10, 2011, OSCAR MINAYA and JESUS HILARIO-BELLO, the defendants, during and in relation to their robbery in connection with Count Thirteen, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use,

carrying, and possession of firearms, which were brandished.

Count Fifteen of the Indictment charges that from at least in or about December 2009 up through and including at least in or about May 2011, OSCAR MINAYA, JOVANNY RODRIGUEZ, ROMALDO ESPINAL, ALEJANDRO BELLO, and JESUS HILARIO-BELLO conspired or agreed with others to distribute or possesses with the intent to distribute (i) five kilograms and more of mixtures and substances containing a detectable amount of cocaine; (ii) one kilogram and more of mixtures and substances containing a detectable amount of heroin; and (iii) mixtures and substances containing a detectable amount of marijuana.

1.   Does any juror have any personal knowledge of the charges in the Indictment as I have described them?  Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case?

## Ability to Sit as Jurors

2.   Does any juror have a problem with his or her hearing or vision, or any other medical problem, which would prevent him or her from giving full attention to all of the evidence at this trial? Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?

3.   Does any juror have any difficulty in reading or understanding English in any degree?

## Nature of the Charges

4.    As you can tell, during the trial, you will hear evidence concerning a kidnaping, robbery and narcotics conspiracy, and gun possession.  Do any of you feel that you could not decide fairly and impartially a case involving such charges?

5.    Has any juror been involved in a kidnaping, robbery, gun, or narcotics offense?  Has any juror ever been a victim of a kidnaping, robbery, gun, or narcotics crime?  Has any juror's relative, close friend or associate been involved in a kidnaping, robbery, gun, or narcotics crime?  Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with kidnaping, robbery, gun, or narcotics crimes?

6.    Do any of you feel, for any reason, that you could not view fairly and impartially a case involving kidnaping, robbery, gun, or narcotics crimes?

7.    Has any juror worked in any job involving direct contact with the New York City Police Department (the "NYPD"), the Drug Enforcement Administration (the "DEA") or the Nassau County Police Department ("NCPD")?  If so, in what capacity?

8.    Does any juror have a relative, close friend or associate who works in direct contact with the NYPD, NCPD or DEA?

## Views on Certain Witnesses and Types of Evidence

9.    The witnesses in this case may include law enforcement officers from the NYPD, NCPD, DEA, and possibly other law enforcement agencies.   Would any of you be more likely to believe a witness merely because he or she is a member of the NYPD, NCPD, DEA, or other law enforcement or government agency?   Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement or other government agency?

10.   You will hear testimony by and about the use of cooperating witnesses in this case; that is, you will hear testimony from individuals who were involved in criminal conduct, and who subsequently pleaded guilty to their criminal conduct pursuant to what are called "cooperation agreements" with the Government.   I advise you that the use of cooperating witnesses is a legal and often necessary law enforcement tool.   Do you have any general feeling about the Government's use of cooperating witnesses that would make it difficult for you to render a wholly fair and impartial verdict? Would you have any bias for or against the Government because of evidence obtained in this manner?

11.   Some of the evidence admitted at trial may come from statements made by the defendant to law enforcement officers. I instruct you that those statements were legally obtained and admissible in this case.   Do you have any unfavorable opinion about

statements made by defendants to law enforcement officers or the use
of such evidence at trial?

### Knowledge of the Trial Participants

12.   One defendant in this case is OSCAR MINAYA.   [Please
ask the defendant to rise.]   Does any juror know, or had any dealings,
directly or indirectly, with the defendant OSCAR MINAYA, or with any
relative, friend or associate of the defendant?

13.   To your knowledge, do any of your relatives, friends,
associates, or employers know the defendant?

14.   The defendant, OSCAR MINAYA, is represented by Martin
Geduldig.   [Please ask the defense counsel to rise.]   Do any of you
know Mr. Geduldig?   Has any juror had any dealings with him or
individuals in his office?

15.   Another defendant in this case is JOVANNY RODRIGUEZ.
[Please ask the defendant to rise.]   Does any juror know, or had any
dealings, directly or indirectly, with the defendant JOVANNY
RODRIGUEZ, or with any relative, friend or associate of the
defendant?

16.   To your knowledge, do any of your relatives, friends,
associates, or employers know the defendant?

17.   The defendant, JOVANNY RODRIGUEZ, is represented by
Peter Brill.   [Please ask the defense counsel to rise.]   Do any of
you know Mr. Brill?   Has any juror had any dealings with him or

individuals in his office?

18. Another defendant in this case is ROMALDO ESPINAL. [Please ask the defendant to rise.] Does any juror know, or had any dealings, directly or indirectly, with the defendant ROMALDO ESPINAL, or with any relative, friend or associate of the defendant?

19. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

20. The defendant, ROMALDO ESPINAL, is represented by Sanford Talkin. [Please ask the defense counsel to rise.] Do any of you know Mr. Talkin? Has any juror had any dealings with him or individuals in his office?

21. Another defendant in this case is ALEJANDRO BELLO. [Please ask the defendant to rise.] Does any juror know, or had any dealings, directly or indirectly, with the defendant ALEJANDRO BELLO, or with any relative, friend or associate of the defendant?

22. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

23. The defendant, ALEJANDRO BELLO, is represented by Walter Mack. [Please ask the defense counsel to rise.] Do any of you know Mr. Mack? Has any juror had any dealings with him or individuals in his office?

24. Another defendant in this case is JESUS HILARIO-BELLO. [Please ask the defendant to rise.] Does any juror

know, or had any dealings, directly or indirectly, with the defendant JESUS HILARIO-BELLO, or with any relative, friend or associate of the defendant?

25.    To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

26.    The defendant, JESUS HILARIO-BELLO, is represented by Steven Pugliese.  [Please ask the defense counsel to rise.]  Do any of you know Mr. Pugliese?  Has any juror had any dealings with him or individuals in his office?

27.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Ryan P. Poscablo, Jessica Ortiz and Megan Gaffney. They will be assisted by Special Agent Fernando Cruz and Detective Donald Derienzo, and Darcy Brady, a paralegal specialist in the U.S. Attorney's Office.  [Please ask them to stand.]  Do any of you know Mr. Bharara, Mr. Poscablo, Ms. Ortiz, Ms. Gaffney, Mr. Cruz, Mr. Derienzo, or Ms. Brady?  To your knowledge, have you, your family members, or your close friends had any dealings with them?

28.    I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

**[NAMES TO BE SUPPLIED PRIOR TO JURY SELECTION]**

Do any of you know any of those people?  Have you had any dealings, directly or indirectly, with any of them?  To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

29.  I will now read a list of locations that may be mentioned or shown during the trial:

**[LOCATIONS TO BE SUPPLIED PRIOR TO JURY SELECTION]**

Do any of you live or work at or near any of these locations or have close friends or family who do?

## Relationship With Government

30.  Does any juror, or his or her relatives or close friends, work in law, law enforcement, the justice system, or the courts?  In what capacity?  Has any juror had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

31.  Does any juror know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York?

32.  Does any juror know, or have any association – professional, business, or social, direct or indirect – with the NYPD?

33.  Does any juror know, or have any association –
professional, business, or social, direct or indirect – with the DEA?

34.  Have you, or has any member of your family, either
as an individual or in the course of his or her business, ever been
a party to any legal action or dispute with the United States or any
of the departments, agencies, or employees of the United States,
including the Internal Revenue Service?  Have you had any legal,
financial, or other interest in the outcome of such a dispute?  Have
you, or has any member of your family, ever had such a dispute
concerning money owed to you by the Government or owed by you to the
Government?

35.  Has any juror, either through any experience he or
she has had or anything he or she has seen or read, developed any
bias or prejudice or other feelings for or against the United States
Department of Justice, the United States Attorney's Office for the
Southern District of New York, the NYPD, or the DEA?

### Prior Jury Service

36.  Have you ever served as a juror in a trial in any
court?  If so, in what court did you serve and was it a civil or
criminal case?  What type of case was it?  Without telling us what
the verdict was, did the jury reach a verdict?

37.  Have you ever at any time served as a member of a grand
jury, whether in federal, state, county or city court?  If so, when

and where?

**<u>Experience as a Witness, Defendant, or Crime Victim</u>**

38.  Have any of you, or your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you or anyone close to you been questioned in any matter by a law enforcement agency?

39.  Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial?

40.  Are you or any member of your family now under subpoena, or to your knowledge, about to be subpoenaed in any case?

41.  Have you, any member of your family, or close friend ever been charged with a crime? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.]

42.  Has any juror, or any of your relatives or close friends, ever been a victim of a crime? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.]

43.  Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee?

## Function of the Court and Jury

44.   The function of the jury is to decide questions of fact.   You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.   However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions.   You may not substitute your notions of what the law is or what you think it should be.   At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.   Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

45.   Will each juror accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

46.   Will each of you accept the proposition that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence presented here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crime charged?

47.   It is not a particularly pleasant duty to find another individual guilty of committing a crime.   Is there any juror who

feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

48.    Does any juror have any religious, philosophical or other belief which would make him or her unable to sit in judgment of another or unable to render a guilty verdict for reasons unrelated to the law and the evidence?

## Other Biases

49.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

## Trial Schedule

50.    After the jury is selected, we will begin opening statements and then the presentation of evidence.  The trial in this case should last approximately **twenty** trial days.  The Court expects that the court day will last from about [_____].  Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for

the juror to serve?

## Jurors' Background

51.   The Government respectfully requests that the Court

ask each juror to state the following information:

(a) the juror's age;

(b) where the juror was born;

(c) the educational background of the juror,
including the highest degree obtained;

(d) whether the juror has served in the military;

(e) the juror's occupation;

(f)  the nature of the juror's work;

(g)  the length of employment with his or her most
recent employer;

(h)  the same employment information with
respect to the juror's significant other
and any working children;

(i) the juror's current town of residence;

(j) whether the juror owns or rents his or her home;

(k) the length of time at that residence;

(l)  the newspapers or magazines that the
juror typically reads and how often;

(m) the television shows that the juror typically
watches; and

(n) the juror's hobbies or leisure-time activities
and organizations.

## Requested Instruction Following Impaneling of the Jury

52.   From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.   This rule about not discussing the case with others includes discussions even with members of your own family and your friends.

53.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you.   Please do not take offense.   They will only be acting properly by doing so.

Dated:     New York, New York
           September 18, 2013

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York

                  By:  _____/s/_____
                         RYAN P. POSCABLO
                         JESSICA ORTIZ
                         MEGAN GAFFNEY
                         Assistant United States Attorneys
                         (212) 637-2634/2398/2105

## **AFFIRMATION OF SERVICE**

RYAN P. POSCABLO, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury that:

1.  He is an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York; and

2.  On September 18, 2013, he caused a copy of the attached memorandum of law to be delivered by electronic mail and ECF to defense counsel in this matter.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. Section 1746.

Dated:    New York, New York
          September 18, 2013


                              __/s/_____
                              RYAN P. POSCABLO
                              Assistant United States Attorney
                              (212) 637-2634