**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :    No. 11 Cr. 755 (JFK)
                                    :
JOVANNY RODRIGUEZ,                  :    **OPINION & ORDER**
                                    :
              Defendant.            :
------------------------------------X

APPEARANCES

FOR DEFENDANT JOVANNY RODRIGUEZ:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Jacob H. Gutwillig
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a pro se motion by Defendant Jovanny Rodriguez seeking a sentence reduction and his immediate release due to the COVID-19 pandemic and Rodriguez's purported "accessorial role" in the offense conduct which resulted in his incarceration; or bail pending determination of Rodriguez's recently filed 28 U.S.C. § 2255 habeas petition to vacate, set aside, or correct his sentence. Rodriguez brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Rodriguez's motion as substantively meritless because Rodriguez's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a) sentencing factors do

1

not warrant a modification to his term of imprisonment. For the reasons set forth below, Rodriguez's motion is DENIED.

**I. Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Rodriguez's Presentence Investigation Report ("PSR"), dated February 14, 2014, and the transcript of Rodriguez's March 14, 2014 sentencing, (ECF No. 278). In ruling on Rodriguez's requests, the Court has considered the arguments advanced in his pro se motion, (ECF No. 448), the Government's letter in opposition, (ECF No. 453), and Rodriguez's reply, (ECF No. 454).

On October 11, 2013, Rodriguez was convicted by a jury of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201; five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two counts of kidnapping, in violation of 18 U.S.C. § 1201; two counts of using, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. (Verdict Form, ECF No. 163; PSR ¶¶ 2-3, 5-13, 16, 19.) The charges stemmed from Rodriguez's participation in a loosely knit organization that, from at least December 2009 through May

2

2011, committed armed robberies of drug dealers and certain business owners in New York City and Nassau County, New York. (PSR ¶¶ 2, 24.)

Rodriguez's sentencing occurred on March 14, 2014, during which the Court found a Guideline offense level of 44, which was "literally off the guideline chart," and a Criminal History Category of II. (Sent. Tr. at 11:25-12:2.)  The Court noted that Rodriguez was a participant in, and a part of, a violent group that robbed drug dealers and other citizens who were not drug dealers. (Id. at 11:13-16.)  "[S]everal of the robberies took place at gunpoint. . . . People were kidnapped.  People were robbed.  It was very serious behavior."  (Id. at 11:13-22.) The Court sentenced Rodriguez to life in prison on the three kidnapping counts of conviction, as well as extensive terms of years on the remaining counts, two of which necessitated a 32-year mandatory minimum term of incarceration.  (Id. at 12:13-13:12.)  On February 5, 2019, the Second Circuit affirmed Rodriguez's conviction. United States v. Rodriguez, 761 F. App'x 53 (2d Cir. 2019).  To date, Rodriguez has served approximately ten years of his life sentence.

On October 15, 2020, Rodriguez, proceeding pro se, submitted a motion requesting a reduction in sentence and his immediate compassionate release due to the COVID-19 pandemic. (ECF No. 448.)  Rodriguez's motion explained that he suffered

from "severe sickness, illness, blood pressure, cholesterol, breathing problems and mental health issues," and he was deeply worried about his well-being should he contract the coronavirus. The Court ordered the Government to respond, and on November 5, 2020, the Government opposed Rodriguez's request on the grounds that no extraordinary and compelling reasons support his release which, in any event, would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 453.)  On November 24, 2020, Rodriguez filed a reply in which he reiterated his request for bail pending resolution of his habeas petition or compassionate release in light of the health emergency caused by the COVID-19 pandemic.  (ECF No. 454.)

**II. Discussion**

    **A. Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. §

4

3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

The Second Circuit recently ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release."

> However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

Federal courts also have authority to grant bail to habeas petitioners. Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). However, "this power is a limited one, to be exercised in special cases only." Id. "[A] habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Id. (quoting Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978)); see also Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (explaining that "[t]he standard for bail pending habeas litigation is a difficult one to meet").

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention,

6

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Dec. 21, 2020); see also United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources). And, on at least one occasion, it has ruled that the threat posed by the COVID-19 pandemic to a medically "high-risk" individual constitutes "extraordinary and compelling reasons" to warrant immediate compassionate release. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Seshan, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying release to 47-year-old despite his "end-stage renal failure and hypertension" and the threat of COVID-19 because, inter alia, defendant had a history of violence and granting the motion would disserve important § 3553(a) sentencing factors).

Nevertheless, after considering the 3553(a) factors, the Court is not persuaded that extraordinary and/or compelling reasons or circumstances exist to reduce Rodriguez's sentence or

7

order his release on bail.  Accordingly, Rodriguez's motion is denied.

First, Rodriguez has failed to articulate any extraordinary or compelling reason why his sentence should be modified.  The foundation of Rodriguez's motion is the generalized threat COVID-19 poses to incarcerated individuals with underlying medical conditions.  Indeed, according to the Centers for Disease Control and Prevention ("the CDC"), older adults and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, supra.  Here, however, Rodriguez's age and health issues such as his "hypertension, sinus, dental, psychological, and environmental problems" and high cholesterol and weight, (Reply at 5, ECF No. 454), are not severe enough to warrant compassionate release.  Rodriguez is 43, significantly younger than the CDC's former high-risk cutoff age of 65. See id.; see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources).  And, while the CDC has listed pulmonary hypertension (a specific and rare type of hypertension

8

affecting the lungs and right side of the heart) as a potential risk factor for a severe illness from COVID-19, Rodriguez's general hypertension cannot be characterized as such. Further, Rodriguez does not suffer from other health conditions which rise to the level of COVID-19 risk factors looked to by the CDC and courts, such as cancer, diabetes, or immunocompromization. See, e.g., Park, 456 F. Supp. 3d at 563–64 (granting release to 44-year-old with a documented history of respiratory issues, including severe asthma and immune-compromising diseases); United States v. Williams, 456 F. Supp. 3d 414, 419 (D. Conn. 2020) (granting release to defendant with chronic asthma, hypertension, diabetes, and high cholesterol); Smith, 454 F. Supp. 3d at 315; but see, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (same for non-violent 43-year-old with obesity and liver disease).

    Second, and decisive here, even if Rodriguez's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction or the extraordinary

9

remedy of bail pending determination of Rodriguez's habeas petition, application of the 3553(a) factors cripples his request and outweighs any justification for early release. Here, the factors that weigh in Rodriguez's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  Indeed, Rodriguez's offense conduct is among the most serious and reprehensible the Court has encountered: Rodriguez engaged in years-long kidnapping and robbery conspiracy that involved extraordinary acts of violence and brutality, the proof of which was "overwhelming."  (Sent. Tr. at 7:10–13; PSR ¶¶ 23–38.)  For the same reasons that necessitated Rodriguez's life sentence, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Rodriguez's term of incarceration would disserve the above important sentencing factors.  Accordingly, Rodriguez's motion is denied. Cf. United States v. Frias, No. 01 Cr. 307 (JFK), 2020 WL 6058067, at *3 (S.D.N.Y. Oct. 14, 2020) (denying release to 66-year-old with diabetes and certain lung and heart conditions); United States

v. Montevecchi, 18 Cr. 15 (AKH), 2020 WL 3051335, at *2 (S.D.N.Y. June 8, 2020) (same for 74-year-old with heart disease and other conditions); Seshan, 2020 WL 2215458, at *4-5.

### III. Conclusion

For the reasons set forth above, Defendant Jovanny Rodriguez's motion for a reduction in sentence or bail pending his habeas litigation is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 448.

**SO ORDERED.**

Dated:  New York, New York
        ~~December~~ January 5, 2020 [2021]

_____
John F. Keenan
United States District Judge