**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
    -against-                      :  No. 11 Cr. 755 (JFK)
                                   :
JOVANNY RODRIGUEZ,                 :  **OPINION & ORDER**
                                   :
                    Defendant.     :
------------------------------------X

APPEARANCES

FOR DEFENDANT JOVANNY RODRIGUEZ:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Jacob H. Gutwillig
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is pro se Defendant Jovanny Rodriguez's ("Rodriguez") motion for reconsideration ("Motion") of the Court's January 5, 2021, Opinion & Order ("the January 5 Opinion") denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and his alternative request for bail pending resolution of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[1]  (ECF No. 503.)  By separate Opinion and Order, dated July 18, 2022, the Court denied Rodriguez's motion to vacate his sentence pursuant

---

[1] This Order assumes familiarity with the January 5 Opinion. See United States v. Rodriguez, No. 11 Cr. 755 (JFK), 2021 WL 37689 (S.D.N.Y. Jan. 5, 2021).

1

to 28 U.S.C. § 2255.  For the reasons set forth below, Rodriguez's motion for reconsideration is DENIED.

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id.

(quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'"  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced" (internal quotation marks omitted)).

Rodriguez's Motion is without merit.  First, he has failed to identify any change in controlling law or newly discovered evidence that would justify reconsideration of the Court's prior decision.  In the instant motion, Rodriguez again argues that his sentence should be reduced because he suffers from certain medical conditions, such as hypertension, that render him "more susceptible" to COVID-19.  (ECF No. 503.)  As the Court noted in its January 5 Opinion, the Court is sympathetic to the plight of individuals who suffer from pre-existing medical conditions that place them at high risk for developing serious, possibly life-threatening illness from COVID-19.  See Rodriguez, 2021 WL

3

37689, at *3. This is particularly true in light of the continued presence of the dangerous Delta and Omicron variants. Nevertheless, despite the evolution of the COVID-19 pandemic, Rodriguez's medical conditions, coupled with the threat of COVID-19, do not amount to "extraordinary and compelling circumstances" warranting his release. Rodriguez is forty-four years old and his general hypertension is managed with medication. (Government Letter in Opposition, ECF No. 453.) Rodriguez has provided no evidence that his medical conditions have worsened or that he is now at a higher risk of developing serious illness from COVID-19. See United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); see also United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (same for non-violent 43-year-old with obesity and liver disease). As a result, Rodriguez has again failed to establish that extraordinary and compelling circumstances support a reduction in his sentence. See United States v. Martinez, 17 Cr. 465 (VM), 2021 WL 633214, at *1 (S.D.N.Y. Feb. 18, 2021) (declining to reconsider prior decision denying the defendant's motion for compassionate

release on the grounds that the defendant's Motion for reconsideration "largely repeats arguments previously raised and rejected by the Court").

Second, as the Court explained in the January 5 Opinion, "even if Rodriguez's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction . . . , application of the 3553(a) factors . . . outweighs any justification for early release." Rodriguez, 2021 WL 37689, at *3.  Rodriguez's offense conduct remains "among the most serious and reprehensible the Court has encountered[.]"  Id.  As the Court noted in the January 5 Opinion, "Rodriguez engaged in a years-long kidnapping and robbery conspiracy that involved extraordinary acts of violence and brutality[.]"  Id.  Accordingly, the sentencing factors that weigh in Rodriguez's favor, such as the need to provide necessary medical care, are still outweighed "by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'"  Id.

Accordingly, Rodriguez's Motion for Reconsideration (ECF No. 503) is DENIED.  Cf. United States v. Mason, No. 96 Cr. 126

5

(JFK), 2021 WL 793835, at *2 (S.D.N.Y. Mar. 2, 2021) (denying similar request for reconsideration of an order denying compassionate release). The Clerk of Court is respectfully directed to terminate ECF No. 503 and ECF No. 506. The Court will mail a copy of this Opinion and Order to Rodriguez.

**SO ORDERED.**

Dated:   New York, New York
        July 18, 2022

                                      John F. Keenan
                                United States District Judge