UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JOVANNY RODRIGUEZ,

Defendant.

11 Cr. 755-3 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

In an application received by the Court on August 14, 2026, Jovanny Rodriguez asks the Court to take judicial notice of certain items pursuant to Federal Rule of Evidence 201. (Dkt. #596). As a preliminary matter, Mr. Rodriguez's request is not entirely clear: At the beginning of the motion, he appears to request that the Court take judicial notice of "[t]ranscripts of grand jury proceedings and trial." (*Id.* at 1). Later, however, Mr. Rodriguez specifies that the Court take judicial notice that (i) the transcripts were certified, and thus that the statements within them "are true"; (ii) one of the victim-witnesses testified at Mr. Rodriguez's trial that he could not identify Mr. Rodriguez as his assailant; and (iii) Detective Donald DeRienzo, "with intent to distort, the Truth[,]" authored a police report memorializing the victim's statements. (*Id.*). For the reasons that follow, the Court denies Mr. Rodriguez's request.

Rule 201 provides that a court may take judicial notice of a fact if it "is not subject to reasonable dispute because it … is generally known within the … jurisdiction[ ] or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). By its

terms, the rule applies to facts, as distinguished from documents. *See In re Manning*, 620 B.R. 199, 207 (Bankr. W.D.N.Y. 2020) ("Central to Rule 201 FRE is the notion that federal courts take judicial notice of facts, not documents. As the Rule unambiguously provides, Rule 201 'governs judicial notice of an adjudicative fact only.' Regardless of the source of the records, and regardless of the extent of authentication offered, judicial notice under Rule 201 is limited to adjudicative facts, not documents." (internal quotation omitted) (quoting Fed. R. Evid. 201(a)); *cf. Kramer* v. *Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ... not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

To the extent that Mr. Rodriguez is asking the Court to take judicial notice of the transcripts of proceedings in this case, the Court denies the request as moot because the transcripts are already part of the record. *See In re Purdue Pharma L.P.*, No. 19-23649 (SHL), 2025 WL 2831412, at *6 (Bankr. S.D.N.Y. Oct. 6, 2025) (denying request for judicial notice of hearing transcript "because that transcript is already a part of the record of these proceedings and is publicly filed on the case docket"); *see also Ng* v. *Sedgwick Claims Mgmt. Servs. Inc.*, No. 23 Civ. 10380 (MKV) (BCM), 2024 WL 4827574, at *11 (S.D.N.Y. Nov. 19, 2024) ("There is no need to request judicial notice of a document that is already on file before the Court in the same case where the motion for judicial notice is made."). The transcripts were certified to be accurate, and the

Court does not doubt that the testimony contained therein was given.[1] However, to the extent that Mr. Rodriguez is asking the Court to adjudicate, in the context of resolving his application, the truthfulness (or not) of the testimony contained in those transcripts, such a request is beyond the scope of Rule 201. Similarly, to the extent that Mr. Rodriguez is asking the Court to ascribe intent — good or bad — to any of the witnesses, that, too, is beyond the scope of Rule 201. Finally, the Court declines to take judicial notice of the truth of the contents of Detective DeRienzo's police report.

For these reasons, the Court DENIES Mr. Rodriguez's application for judicial notice. The Clerk of Court is directed to mail a copy of the Order to Mr. Rodriguez at the following address:

Jovanny Rodriguez
Reg. No. 65504-054
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

SO ORDERED.

Dated: August 20, 2026
New York, New York

KATHERINE POLK FAILLA
United States District Judge

[1] Mr. Rodriguez suggests that judicial notice of the contents of the transcripts is warranted because one or more court reporters certified the accuracy of the transcripts. (Dkt. #596 at 1). Significantly, however, such a certification extends only to the accuracy of the transcription, and not to the truth of the statements that were transcribed.